# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAVID LEE MORRISON,

        Plaintiff,

vs.                                           Case No. 8:13-cv-1480-T-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

David Lee Morrison ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of "[b]ack problems," "[d]egenerative disc disea[s]e," "[a]cid [r]eflux," "[h]igh blood pressure," and "[r]heumatoid arthritis[.]" Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed September 5, 2013, at 199. On May 12, 2011, Plaintiff filed an application for SSI, alleging a disability onset date of May 6, 2011. Tr. at 156-62. Plaintiff's application was denied initially, see Tr. at 69, 93-94, 102, and was denied upon reconsideration, see Tr. at 90, 103, 104-05.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed September 5, 2013; Reference Order (Doc. No. 14), entered September 6, 2013.

An Administrative Law Judge ("ALJ") held a hearing on November 15, 2012, during which Plaintiff, who was represented by a non-attorney representative, and a vocational expert ("VE") testified. Tr. at 25-68.[2] At the time of the hearing, Plaintiff was fifty-two (52) years old. Tr. at 39. On December 19, 2012, the ALJ issued a written Decision finding Plaintiff not disabled through the date of the Decision. Tr. at 12-19. Plaintiff then submitted additional evidence to the Appeals Council in the form of a letter by his representative. Tr. at 4-5, 278-79. On April 26, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. Plaintiff commenced this action on June 6, 2013 under 42 U.S.C. § 1383(c)(3), by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff challenges the ALJ's Decision in four (4) ways. See Plaintiff's Brief–Social Security (Doc. No. 18; "Pl.'s Br."), filed November 7, 2013, at 2. Plaintiff contends first that the ALJ erred in evaluating the medical opinions of record; second, that the ALJ erred by "fail[ing] to include all the physical limitations proven by the record, and fail[ing] to explain why he did not include them"; third, that the ALJ erred in evaluating Plaintiff's mental limitations; and fourth, that the ALJ erred by failing to resolve a discrepancy between the testimony of the VE and the Dictionary of Occupational Titles ("DOT"). Pl.'s Br. at 2 (emphasis omitted). Defendant on February 5, 2014 filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem.") responding to Plaintiff's arguments.

---

[2] The transcript of the hearing before the ALJ indicates Plaintiff was represented by an attorney, Tr. at 25, but the appointment of representative form indicates that Plaintiff's representative was "a non-attorney," Tr. at 92.

-2-

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 14-19. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 11, 2011, the application date." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: remote history of lumbar and cervical discectomies, with residual arthritis; history of attention hyperactivity

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

disorder; rule out learning disorder and personality disorder; history of left shoulder and knee disorders." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 14 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform a reduced range of light work such that he can never climb ladders, ropes, or scaffolds, kneel or crawl. He can occasionally climb ramps and stairs, occasionally balance without a cane, frequently balance with one, and occasionally crouch and stoop. He can frequently reach, but only occasionally overhead reach; and should avoid concentrated exposures to cold, heat, wetness, humidity and excessive vibration. [H]e must avoid all use of moving or hazardous machinery, and unprotected heights. He can understand, remember and carry out simple and routine tasks, with no more than occasional interaction with the general public and co-workers.

Tr. at 15. At step four, the ALJ found Plaintiff "has no past relevant work." Tr. at 18 (emphasis and citation omitted). At step five, the ALJ considered Plaintiff's age (fifty (50) years old when the application was filed), education ("limited (8th grade)"), lack of work experience, and RFC, and then relied on the testimony of the VE to determine that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Tr. at 18-19. The ALJ identified as representative jobs "a production line inspector," a "merchandise marker," and a "laundry sorter[.]" Tr. at 18. The ALJ concluded that Plaintiff "has not been under a disability . . . since May 11, 2011, the date the application was filed." Tr. at 19 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted above, Plaintiff challenges the ALJ's Decision in four (4) ways. The undersigned addresses Plaintiff's arguments relating to the medical opinions and

concludes the matter is due to be reversed and remanded for further consideration of them. Given this conclusion, and given that reconsideration of the medical opinions is likely to impact the findings at which Plaintiff's remaining arguments on appeal are aimed, it is unnecessary to substantively address Plaintiff's remaining arguments. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues). A discussion follows.

The Regulations establish a "hierarchy" among medical opinions[4] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions[5]] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength

---

[4] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

[5] A treating physician is a physician who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(f).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981) (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore, 405 F.3d at 1212; Lewis, 125 F.3d at 1440. "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). "[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,'" the decision will not be affirmed "'simply because some rationale might have supported the ALJ's conclusion.'" Id. (quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam)).

Plaintiff challenges the ALJ's assignment of "some weight" to essentially every medical opinion that the ALJ acknowledged. Pl.'s Br. at 5-12. Plaintiff also points out that

-7-

the ALJ completely ignored the opinion of Henry Tenenbaum, Ph.D., a mental consultative examiner. Id. at 10-11.

Regarding all of the opinion evidence, the ALJ stated as follows:

> As for the opinion evidence, the state agency medical consultants opined on July 6, 2011 that [Plaintiff] retained the [RFC] to perform light work. In regards to mental impairments, the state agency evaluated [Plaintiff's] mental impairments under Listing 12.04 (affective disorders) and opined that [Plaintiff] had mild restrictions in activities of daily living; no limitations in social functioning; mild restrictions in concentration, persistence, and pace; and no episodes of decompensation, each of extended duration (Exhibits 2A[6] and 4A[7]). I have considered these opinions and ha[ve] found them reasonable based on the evidence available in the record at that time, and accordingly give[] them some weight. The opinions of the consultative examiners and contained in Exhibits 10F[8] and 11F[9] were also considered and given some weight as they are supported by the bulk of the medical evidence of record and it is assumed they are accurate with [Plaintiff's] history. The opinion contained in Exhibit 15F[10] was also considered and given only some weight, as it is somewhat more restricted than the objective medical evidence shows.
>
> In sum, the [assigned RFC] assessment is supported by the state agencies opinion and [sic] contained in Exhibit 2A and 4A; however, I have

---

[6] Exhibit 2A contains the July 6, 2011 opinion of Sharon Ames-Dennard, Ph.D., a non-examining psychologist, and the July 6, 2011 opinion of David Guttman, M.D., a non-examining physician. Tr. at 74-77.

[7] Exhibit 4A is a one-page "Disability Determination and Transmittal" form, Tr. at 90 (some capitalization and emphasis omitted), which the undersigned surmises was mistakenly cited by the ALJ. It appears that Exhibit 3A is the exhibit the ALJ intended to cite. It contains the July 25, 2011 opinion of Richard K. Lyon, Ph.D., a non-examining psychologist, and the July 28, 2011 opinion of Cristina Rodriguez, M.D., a non-examining physician. Tr. at 84-87.

[8] Exhibit 10F contains a June 11, 2011 medical report authored by Sebastian Tas, D.O., a consultative examiner, as well as a range of motion report form that was filled out by Dr. Tas. Tr. at 388-95.

[9] Exhibit 11F contains a report authored by Scot D. Machlus, Ph.D., ADPP, following his June 27, 2011 mental evaluation. Tr. at 397-400.

[10] Exhibit 15F contains a November 8, 2012 report authored by R.W. Springstead, M.D., P.A., an examining physician, as well as a medical source statement of ability to do work-related activities form that was filled out by Dr. Springstead on November 8, 2012. Tr. at 414-19.

-8-

> considered [Plaintiff's] complaints of back pain [and] have incorporated more restrictive postural limitations in[]to the [RFC].
> . . .

Tr. at 17.

The ALJ's handling of the various medical opinions is deficient. The undersigned first addresses the opinions related to Plaintiff's mental condition, followed by the opinions related to Plaintiff's physical condition.

To start, the ALJ completely ignored the opinion of consultative examiner Dr. Tenenbaum, who performed an intellectual evaluation of Plaintiff and authored a detailed report on August 27, 2008 containing his findings. See Tr. at 329-33. In sum, that testing indicated Plaintiff "may have a mild learning disability." Tr. at 333. Also, the ALJ did not address a September 2, 2008 mental residual functional capacity assessment and psychiatric review technique authored by Arthur Hamlin, Psy.D. See Tr. at 334-51. Dr. Hamlin opined Plaintiff has moderate limitations in social functioning and mild limitations in maintaining concentration, persistence, or pace, Tr. at 348, and assessed various work-related limitations, Tr. at 334-35.

The ALJ did consider and assign "some weight" to the opinions of various non-examining mental consultants, Tr. at 17, and to mental consultative examiner Dr. Machlus. Tr. at 17 (citing Exhibit 11F). The ALJ's stated reason for assigning "some weight" to the non-examining opinions was that they are "reasonable based on the evidence available in the record at the time." Tr. at 17. Similarly, the ALJ's reason for assigning "some weight" to Dr. Machlus's opinion was that the opinion is "supported by the bulk of the medical evidence of record and it is assumed [it is] accurate with [Plaintiff's] history." Tr. at 17. The

assignment of "some weight" with hardly any explanation frustrates judicial review. See Winschel, 631 F.3d at 1179 (citations omitted) (explaining the requirement that ALJ's state with particularity the weight assigned to various medical opinions and the reasons).

The ALJ's election to rely to some degree on Dr. Machlus's opinion – to the exclusion of some of the other opinions in the administrative transcript – is also undermined by Dr. Machlus's statement that "[p]sychological, achievement, and cognitive abilities testing would need to be conducted in order to help determine if [Plaintiff] is experiencing any major psychopathology or learning disabilities that would interfere with his occupational functioning." Tr. at 400. Dr. Machlus suggested that "[a] review of past Social Security Disability psychological evaluations may also be helpful in this regard." Tr. at 400. In other words, Dr. Machlus seems to have recognized that he did not have all of the information necessary to make an informed decision. Apparently unbeknownst to Dr. Machlus, the cognitive abilities testing and at least some other mental evaluations were part of the record at the time Dr. Machlus rendered his opinion. See Tr. at 397 (stating "[n]o background information was provided by the DDS"). As explained above, the testing and some of the evaluations that were part of the record are not addressed by the ALJ in the Decision. Instead, the ALJ relied to some unknown degree on Dr. Machlus even though Dr. Machlus recognized that he did not have important information. The ALJ did this even after it was brought to his attention by Plaintiff's counsel during the hearing that Dr. Machlus did not have pertinent information prior to rendering an opinion. Tr. at 33. In fact, it appears the ALJ recognized as legitimate Plaintiff's representative's objection to consideration of Dr. Machlus's opinion:

> ALJ: . . . Well, okay, so you don't want me to give - - I will not give controlling weight to 11F [(Dr. Machlus's opinion)], is that what you want?
> [REPRESENTATIVE]: Yes, Sir.
> ALJ: Okay. All right, anything else?
> [REPRESENTATIVE]: Nothing further, your honor.

Tr. at 33. Yet, the ALJ inexplicably relied in part on Dr. Machlus's opinion.

The ALJ's handling of the various medical opinions related to Plaintiff's physical impairments is similarly deficient. Every opinion was assigned the generic label of "some weight," Tr. at 17, which falls short of the requirement that the ALJ state with particularity the weight given and the reasons for the weight, see Winschel, 631 F.3d at 1179 (citations omitted). The problem with assigning every opinion "some weight" is evident: even the ALJ's Decision shows that he had different views of the opinion evidence despite allegedly assigning the same weight to all of it. At one point, the ALJ stated that "some weight" was being given to various non-examining opinions because the opinions are "reasonable based on the evidence available in the record at the time[.]" Tr. at 17. This tends to suggest the ALJ viewed the opinions in a positive light and believed them to be consistent with the evidence. At another point, however, the reason for assigning "only some weight" to the opinion of examining physician Dr. Springstead is that it is supposedly "more restrictive than the evidence shows," Tr. at 17, suggesting that the ALJ was viewing this opinion in a negative light because it is supposedly inconsistent with the evidence. Without explanation, judicial review is frustrated.[11]

---

[11] Defendant contends the ALJ's opinion is supported by substantial evidence, and Defendant provides a number of reasons (that the ALJ failed to provide) why the administrative transcript allegedly supports the ALJ's overall Decision. Def.'s Mem. at 4-13. Defendant's analysis cannot serve as post hac justifications to save the ALJ's otherwise infirm decision. See Owens, 748 F.2d at 1516. It is not the duty of Defendant or the Court to supply reasons for the ALJ's finding; rather, that duty rests with the ALJ. See Austin v. Astrue, No. 5:07cv52/MCR/EMT, 2008 WL 2385520, at *8 n.7 (N.D. Fla.

For these reasons, the matter must be remanded for the Administration to reevaluate all medical opinions of record. In reevaluating, the Administration "must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel, 631 F.3d at 1179 (citations omitted). The Administration's reconsideration of the medical opinions on remand will likely impact the RFC and the hypothetical to the VE. The rest of the arguments Plaintiff has advanced on appeal relate to these matters; it is therefore unnecessary to address the remaining arguments.

## V. Conclusion

After due consideration, it is

**ORDERED:**

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

   (A)   Reevaluate the medical opinions of record and state with particularity the weight assigned and the reasons therefor;

   (B)   If appropriate, address the other issues raised by Plaintiff in this appeal; and

   (C)   Take such other action as may be necessary to resolve this claim properly.

---

June 9, 2008) (unpublished) (recognizing the Commissioner's arguments in support of the ALJ's discounting of a treating physician's opinion, but stating that "[w]hile [the arguments] may be true, the ALJ did not make these findings"); see also Green v. Shalala, 51 F.3d 96, 100-01 (7th Cir. 1995); Cline v. Sullivan, 939 F.2d 560, 563-69 (8th Cir. 1991).

2.     The Clerk is further directed to close the file.

3.     In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b)/ § 1383(d)(2) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida, on August 27, 2014.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record